# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD RASALID HAILASSIE,<br><br>  Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | 1:07-CV-01089 LJO NEW (DLB) HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On July 27, 2007, Petitioner filed the instant petition for writ of habeas corpus challenging his 2005 conviction in the United States District Court for the Eastern District of California, Sacramento Division, of conspiracy to exchange a stolen United States Treasury check and conspiracy to commit fraud with stolen identification information. Petitioner is in custody at the Federal Prison Camp located in Atwater, California.

**DISCUSSION**

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28

1  U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719
2  F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman,
3  643 F.2d 1131, 1134 (5th Cir.1981).   In such cases, *only the sentencing court has jurisdiction*.
4  Tripati, 843 F.2d at 1163.   A prisoner may not collaterally attack a federal conviction or sentence by
5  way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States,
6  929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616
7  F.2d 840, 842 (5th Cir.1980).

8      In contrast, a federal prisoner challenging the manner, location, or conditions of that
9  sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.
10  Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175,
11  177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United
12  States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-79 (3rd
13  Cir. 1991);  United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United
14  States, 610 F.2d 672, 677 (9th Cir. 1990).

15      In this case, Petitioner challenges his conviction. Therefore, the Court finds that Petitioner is
16  not entitled to relief under § 2241, and his petition should be dismissed. Should the Petitioner wish
17  to pursue his claims in federal court, he must do so by way of a motion to vacate or set aside
18  pursuant to 28 U.S.C. § 2255 in the court where petitioner was originally sentenced.   Indeed the
19  record shows that Petitioner present his claims pursuant to 28 U.S.C. § 2255 in case number 2:03cr
20  00336 and that his claims were denied by Order or the Honorable Garland E. Burrell, Jr. on May 1,
21  2007.

**RECOMMENDATION**

23      Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be
24  DISMISSED because the petition does not allege grounds that would entitle Petitioner to relief under
25  28 U.S.C. § 2241.

26      These Findings and Recommendations are submitted to the Honorable Lawrence J. O'Neill,
27  United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule
28  72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

1  California.  Within twenty (20) days after being served with a copy, any party may file written
2  objections with the court and serve a copy on all parties.  Such a document should be captioned
3  "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall
4  be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the
5  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
6  (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive
7  the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

8      IT IS SO ORDERED.

9      **Dated:   August 20, 2007**          /s/ **Dennis L. Beck**
                                                               UNITED STATES MAGISTRATE JUDGE